UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| CloudofChange, LLC,<br>    Petitioner,<br>       v.<br>Mark Pullen,<br>    Respondent. | Misc. Action No.   1:23-mc-00073-RMR |

**CLOUDOFCHANGE, LLC'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND PRODUCTION OF DOCUMENTS AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), CloudofChange, LLC ("CloudofChange"), by and through its undersigned counsel, respectfully seeks an order from this Court compelling nonparty Mark Pullen ("Pullen"), a non-retained expert witness for the Defendant in the underlying action, to comply with a valid and properly served Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

**D.C.COLO.L.CIVR 7.1 CERTIFICATION**

Counsel for CloudofChange in the underlying pending action in the United States District Court, Western District of Texas, Waco Division, Edgar Gonzalez, Patterson Sheridan LLP, made reasonable and good faith efforts to confer with Respondent, Mark Pullen, but was unable to resolve this matter. Counsel's conferral efforts are detailed in the Motion.

**STATEMENT OF FACTS**

This motion concerns an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This action involves U.S. Patent No. 9,400,640, U.S. Patent No. 10,083, 012, and U.S. Patent No. 11,226,793.  The Original Complaint for Patent Infringement

4875-1121-3684.1

was filed in the Western District of Texas on October 22, 2021, with Plaintiff CloudofChange, and Defendant Lightspeed POS Inc. (now Lightspeed Commerce Inc.) ("Lightspeed" or "Defendant"). Original Complaint of Patent Infringement, *CloudofChange, LLC v. Lightspeed POS Inc.*, Case No. 6:21-cv-01102-ADA, Dkt. 1 (W.D. Tex. Oct. 22, 2021) [*hereinafter* Lightspeed Litigation]. The current operative complaint is the First Amended Complaint for Patent Infringement, filed on May 2, 2022.  Lightspeed Litigation, Dkt. 30.

On February 23, 2023, Pullen, was added as a witness in Defendant Lightspeed's Amended Initial Disclosure.  (Gonzalez Decl., ¶ 5, Ex. D).  On March 27, 2023, Lightspeed notified counsel for CloudofChange that Pullen would be designated as a non-retained expert on Lightspeed's behalf under Fed. R. Civ. P. 26(a)(2)(C).  (Gonzalez Decl., ¶ 6, Ex. E).  On April 14, 2023, CloudofChange issued a Subpoena requiring Pullen to produce various documents, including "**all communications** (including emails, text messages, messages from social media platforms, messages on other communication platforms) between [Pullen] and former Agilysys, Inc. and Infogenesis employees including Brent Christensen and Jason Blake, since September 1, 2022, concerning the [Lightspeed Litigation] and Agilysys/Infogenesis products (including Revelation and eRevelation)."  (emphasis added) (Gonzalez Decl., ¶¶ 4 and 7, Ex. B).  On April 18, 2023, CloudofChange served the Subpoena on Pullen.  (Gonzalez Decl., ¶¶ 4 and 7, Ex. C).

Following multiple attempts to collect documents responsive to the Subpoena by Lexitas, a records retrieval company working on CloudofChange's behalf, and multiple attempts by counsel for CloudofChange to meet and confer, Pullen sent his sole submission to Lexitas on June 12, 2023.  (Gonzalez Decl., ¶¶ 9-13, Exs. F-J).  This initial submission contained multiple, poorly redacted, and omitted messages made apparent by inconsistencies presented in the redacted

2

communications provided by Brent Christensen ("Christensen") and Jason Blake ("Blake"). (Gonzalez Decl., ¶¶ 14-16, Exs. K-N).

Thus, counsel for CloudofChange sent a follow-up email to request the redacted messages. (Gonzalez Decl., ¶ 18, Ex. P). In response to a similar email, Blake submitted a supplementary submission, partially complying with the follow-up request and providing communications clearly encompassed by the scope of the Subpoena. (Gonzalez Decl., ¶ 19, Ex. Q). For instance, one of the redacted messages sent on March 7, 2023, from Pullen to Blake stated, "FYI, I sent your contact info to one of the lawyers in the case surrounding the [Infogenesis] thing. You may get a call/text in the next few days." (Gonzalez Decl., Ex. Q). Of most concern are two redacted messages sent on June 14, 2023:

> Blake: I also eventually sent texts and emails to lawyers for that stupid lawsuit. They had filed in [N]ew York [sic] courts to compel me to comply with their subpoena. That stopped being entertaining[.]
> Pullen: Ugh. I just sent mine to them the other day. We can talk more over the weekend.

*Id.* However, no phone records of the above-referenced weekend phone calls, or any phone records for that matter, were ever submitted to CloudofChange. (Gonzalez Decl., ¶ 20). Likewise, correspondence between Pullen and Christensen revealed even more redacted or omitted relevant messages. (Gonzalez Decl., ¶¶ 14 and 16, Exs. J and L; *see*, *e.g.*, Gonzalez Decl., Ex. J at MP0017 (redacting a message) and Ex. L at BC000432 (omitting that same message); Gonzalez Decl., Ex. J at MP0020 (redacting messages) and Ex. L at BC000434 (omitting those same messages)).

Accordingly, counsel for CloudofChange sent another follow-up email in a final attempt to meet and confer. (Gonzalez Decl., ¶ 21, Ex. R). In this email, counsel specifically requested the redacted messages *and* phone records. Counsel for CloudofChange also warned that it would

3

move to compel enforcement of the subpoena if Pullen continued to violate its terms. *Id.* In response, Pullen emailed back, refusing to comply on two separate occasions. (Gonzalez Decl., ¶¶ 22-23, Exs. R-S).

## ARGUMENT

### A. Legal Standard.

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a nonparty requiring production of documents. *See Wang v. Alliance for Sustainable Energy, LLC,* No. 20-cv-03780-NYW, 2022 WL 1500779, at * (D. Colo. May 12, 2022) ("Rule 45 permits a party to an action to serve a nonparty with a subpoena commanding the nonparty to produce designated documents within the nonparty's possession, custody, or control."). "The scope of discovery under Rule 45 is the same as set forth in Rule 26(b)(1)." *Al Muderis v. Hernandez,* No. 1:20-mc-00090-RM, 2021 WL 119348, a *2 (D. Colo. Jan. 13, 2021) (internal quotations and citations omitted). Under Rule 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).

A non-party must comply with a Rule 45 subpoena seeking documents reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 45(d)(3)(A). Failure to raise a valid, written objection prior to the earlier of either the time specified for compliance or 14 days after the subpoena is served typically constitutes a waiver of objections. *See* Fed. R. Civ. P. 45(d)(2)(B). A person who disobeys a subpoena may be held in contempt. Fed. R. Civ. P. 45(g). If a party fails to comply, the serving party may request the Court where compliance is required to compel the subject of the subpoena to produce the documents. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

4

This Court may compel compliance where the nonparty has not formally objected but has instead failed to respond, as is the case here. *See U.S. for Use of Colorado Custom Rock Corp. v. Barton Materials, LLC,* No. 21-mc-00043-WJM-KLM, 2021 WL 7411463, at *1 (D. Colo. Mar. 4, 2021) (granting motion to compel compliance with Rule 45 subpoena where recipient "failed to respond in any manner to the Subpoena."); *see also, Chi v. Weyerhaeuser Co.,* No. 17-cv-02230-PAB-MEH, 2018 WL 11431667, at *1-3 (D. Colo. June 5, 2018) (granting in part motion to compel compliance with Rule 45 subpoena where recipient did not respond within the time required.").

**B. Pullen Should be Compelled to Comply with the Subpoena and Produce the Requested Documents.**

Compliance with the Subpoena should be compelled by this Court. The Subpoena was properly issued by the United States District Court for the Western District of Texas, Waco Division, where the lawsuit is pending. (Gonzalez Decl., ¶¶ 4 and 7, Ex. B). The Subpoena has been properly served on Pullen with service evidenced by an affidavit. (Gonzalez Decl., ¶¶ 4 and 7, Ex. C).

Further, the document requests in the Subpoena are narrowly tailored and comply with Rule 26. The requests seek relevant information, describe with particularity the documents sought, and do not impose an undue burden on Pullen. In fact, Pullen partially produced some responsive documents with redactions. However, to date, Pullen has not submitted any timely, valid written objection covered by Fed. R. Civ. P. 45(d)(2)(B).  (Gonzalez Decl., ¶ 24).  Furthermore, these messages Pullen produced indicate a *disturbing* trend of collusion between parties to the subpoena and obstruction.  This is highlighted by the fact that the communications redacted between Pullen and Blake were, in fact, explicitly relevant to the ongoing Lightspeed Litigation, and it remains unclear what additional communications Pullen and Christensen colluded to omit.  Pullen has thus

5

disobeyed the subpoena in violation of Fed. R. Civ. 45. Thus, because Pullen has failed to respond properly after a reasonable period of time, an order compelling compliance with the Subpoena should be issued. *See Colorado Custom Rock,* 2021 WL 7411463 at *1.

Pullen lives in Fort Collins, Colorado, within the territorial jurisdiction of the District of Colorado. Therefore, this Court is the district where compliance with the Subpoena is required and the appropriate Court to compel compliance. Fed. R. Civ. P. 45(d)(2)(B)(i).

### REQUEST FOR EXPEDITED BRIEFING SCHEDULE

Generally, the responding party has 21 days after the date of service of a motion to file a response, and the moving party may file a reply no later than 14 days after service of the response. D.C. Colo. L. Civ. R. 7.1(d). However, the Court has the authority to set a briefing schedule for any motion, response, or reply and allow for lesser time. *Id.* In fact, nothing precludes the Court from ruling on a motion *at any time* after the motion is filed. *Id*.

There is good cause to set an expedited briefing schedule in this case. The facts set forth above show that CloudofChange has made multiple attempts to meet and confer with Pullen to resolve the dispute, but he has nonetheless continued to disobey the subpoena. Furthermore, and importantly, the underlying trial date of September 18, 2023 is rapidly approaching, and Lightspeed recently identified Pullen on its witness list. (Gonzalez Decl., ¶¶ 25-26, Exs. T-U). Thus, to adequately prepare for trial, CloudofChange requires a proper response to the Subpoena and a swift and prompt resolution of this dispute.

### CONCLUSION

CloudofChange respectfully requests that the Court grants its Motion to Compel Compliance with the Subpoena and compel Pull to comply with the subpoena and produce the

4875-1121-3684.1

requested unredacted documents. CloudofChange also respectfully requests the Court provide for an expedited briefing schedule so CloudofChange may adequately prepare for trial.

Dated:  August 1, 2023

Respectfully submitted,

**MOYE WHITE LLP**

/s/ *Caleena S. Braig*
Caleena S. Braig
3615 Delgany Street, Suite 1100
Denver, CO  80216
Telephone: (303) 292-2900
Caleena.braig@moyewhite.com

Attorneys in Charge:

**PATTERSON + SHERIDAN LLP**

John A. Yates (Texas State Bar #2405669)
Edgar Neil Gonzalez* (Texas State Bar #24092431)
       **Pro Hac Vice* application pending
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846
jyates@pattersonsheridan.com
egonzalez@pattersonsheridan.com

*Attorneys for Petitioner,
CloudofChange, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that on Augst 1, 2023, I electronically mailed the Petitioner's Motion to Compel, and all attached exhibits, and the Proposed Order, to the Clerk of Court, for the U.S. District Court of Colorado at:

newcases@cod.uscourts.gov

/s/   Carolyn Lux

I hereby certify that on August 1, 2023, I served via electronic email the Petitioner's Motion to Compel, and all attached exhibits, and the Proposed Order, to the attorneys of record for the case titled, *CloudofChange, LLC v. Lightspeed POS Inc.*, Civil Action No. 6:21-cv-01102-ADA, in the U.S. District Court for the Western District of Texas at, and electronically served the same to the following:

**Slayden Grubert Beard PLLC**
Joseph D. Gray, Esq.
Tecuan Flores, Esq.
Darryl Adams, Esq.
Nellie F. Slayden, Esq.
Truman H. Fenton, Esq.
Clark Oberembt, Esq.
401 Congress Ave., Suite 1650
Austin, TX  78701
Tel: 512-402-3550
Fax: 512-402-6865
jgray@sgbfirm.com
tflores@sgbfirm.com
dadams@sgbfirm.com
nslayden@sgbfirm.com
tfenton@sgbfirm.com
coberembt@sgbfirm.com

*Attorneys for Defendant Lightspeed POS Inc.,*
*in the Civil Action No. 6:21-cv-01102-ADA*
*U.S. District Court for the Western District of Texas*

/s/    Edgar Neil Gonzalez

8

4875-1121-3684.1